UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN N. BROWN, | ) | Case No.  4:06 CV 1205 |
| | ) | |
| Plaintiff, | ) | Judge Ann Aldrich |
| | ) | |
| vs. | ) | O R D E R |
| | ) | (Resolving Docket Nos. 11, 14, 15, 17) |
| DAVID BOBBY, WARDEN, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Applicant for federal habeas corpus, Kevin N. Brown, moved for expansion of the record (ECF #11).  He seeks for the court to delve into the grievance he has filed against the Mahoning County Assistant Prosecutor that tried the criminal case against him.  He wants the record to include his correspondence with the local bar association.  Brown claims this is relevant to his case because it reveals a *Brady*-violation of highly exculpatory evidence and his arrest without charge.


Rule 5 of the Rules Governing §2254 Cases governs the scope of the record and it does not include bar grievances.  Further, they are irrelevant to Brown's conviction. Federal courts do not have jurisdiction to consider any habeas petition or any habeas claims that were not "fairly presented" to the state courts and concern state law based argument.  See *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).  *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004), *cert. denied*, 543 U.S. 892 (2004); *Estelle v. McGuire*, 502 U.S. 62, 69-70, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  Accordingly, the motion for expansion of the record is denied.

4:06 CV 1205                                          2

Brown also moves for an evidentiary hearing in accordance with Rule 8 of the Rules Governing §2254 proceedings on his *Brady* violation claim (ECF #14).  Brown is apparently aware of the decision in *Brady* in reasoning that he should have realized that he does not present a *Brady* claim.  Brown was in possession of what he perceived to be an exculpatory DNA report and admits that the trial court excluded these exhibits.  (See Motion to Expand p. 3, ECF #11).  The exclusion of evidence from the jury's hearing at trial is not a *Brady* violation.  "[T]here is no *Brady* violation if the defendant knew or should have known the essential facts necessary to obtain the information in question.  *Coleman v. Mitchell*, 244 F.3d 533, 541 (6th Cir. 2001).

Brown further wishes that the court hear evidence from his parole officer.  This relates to whether there was a parole holder on him at the time of his arrest and that in turn is relevant to his arguments under Ohio's Speedy Trial Act.  However, these arguments are irrelevant to Brown's constitutional claim under the Sixth Amendment, which is the issue reviewable on federal habeas review.  The motion is denied.

Brown also moves for extension of time to allow him to file a traverse after complete copies of the trial transcript are provided (ECF #15).  Respondent, however, relying primarily on procedural default has not furnished the trial transcript.  The undersigned has found all but one of Brown's grounds procedurally defaulted.  Further, contrary to Brown's contention, the respondent was not required to provide a trial transcript (See Order, ECF #8).  Respondent was ordered to show cause with evidentiary support why a writ of habeas corpus should not issue.  Evidentiary support included records, transcripts, affidavits and other documentary evidence.  Respondent chose records and other

4:06 CV 1205                                        3

documentary evidence which in this matter is sufficient to refute Brown's claims.  The motion for extension is denied.


Finally, Brown files what he titles an objection, but it appears to be a motion for reconsideration of the prior denial of his motion for appointed counsel.  Pursuant to 18 U.S.C. §3006A, a U.S. Magistrate Judge may appoint counsel to a petitioner when the interests of justice so require.  Rule 6(a) and Rule 8(c) of the Rules Governing§2254 Cases envision legal assistance, "[i]f necessary for effective discovery" or in the event of an evidentiary hearing.  As addressed in the report and recommendation, there is no need for an evidentiary hearing and further there is no need for Brown to have legal assistance since the only issues are the state court decisions and whether or not his grounds were procedurally defaulted.  Accordingly, the "objection" seeking reconsideration on denial of counsel is denied.


**_MOTIONS DENIED._**


IT IS SO ORDERED.

_____
        s/James S. Gallas
        United States Magistrate Judge


Dated: August 31, 2007