**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **KEVIN N. BROWN,**     ) | |
| ) | **Case No. 4:06-CV-1205** |
| Petitioner,    ) | |
| ) | |
| v.     ) | **Judge Ann Aldrich** |
| ) | |
| **DAVID BOBBY, Warden,**     ) | **Magistrate Judge** |
| ) | **James S. Gallas** |
| Respondent.    ) | |
| ) | **MEMORANDUM AND ORDER** |

This is a petition for habeas relief under 28 U.S.C. § 2254. Petitioner Kevin Brown is currently serving four consecutive life sentences in state prison for his conviction on four counts of rape of his 6-year-old grand niece. Brown appealed his conviction to the Court of Appeals of Ohio on the grounds that he was denied a speedy trial, that his double jeopardy rights were violated, that venue was improper, and that he was deprived of a fair trial. The Court of Appeals of Ohio affirmed. *State of Ohio v. Brown*, No. 03-MA-32, 2005 Ohio App. LEXIS 2745 (Ohio Ct. App. June 7, 2005).

Brown filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, listing six grounds for relief [Doc. No. 1]. The petition was referred to Magistrate Judge Gallas for a report and recommendation ("R&R"), who recommended on August 31, 2007 that Brown's petition be denied [Doc. No. 19]. On September 12, 2007, Brown filed his objections to the R&R on five of the six grounds stated in his habeas petition [Doc. No. 20]. For the reasons discussed below, Brown's petition is denied.

**I.     Standard of Review**

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the magistrate judge's disposition to which specific objections have been made. Accordingly, Local Rule 72.3 (b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A district judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id*. However, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Curie*, 50 F.3d 373, 380 (6th Cir. 1995).

**II.     Discussion**

In his "objections," Brown states that he disagrees with the magistrate judge's denial of his petition on five of his six grounds for habeas relief. Although Brown may be *objecting* to aspects of the R&R, as discussed below, he has not raised *objections* warranting review by this court.

Brown's first ground for habeas relief is based upon speedy trial grounds. The R&R indicated that Brown was partially to blame for his 584 day pre-trial delay because Brown's trial counsel had filed two continuances. Brown states that he should not be blamed for the portion of the delay attributable to the continuances because his counsel had filed the continuances to appear in another previously scheduled trial. It appears that Brown is trying find a backdoor to raise grounds of ineffective assistance of trial counsel at this late stage. However, because he did not raise such grounds on direct appeal, he

is procedurally defaulted from raising them here and has therefore not raised an objection warranting further review on these grounds.

Brown also raises an issue regarding the magistrate judge's application of *Doggett v. United States*, 505 U.S. 647 (1992). Using *Doggett* as a guideline, the magistrate judge found that the state court's denial of relief on speedy trial grounds was not an objectively unreasonable application of federal law. Brown does not object to the magistrate judge's choice of *Doggett* as the applicable federal standard, or to the magistrate judge's finding that "Brown's situation would appear to fall within this third type of prejudice with its temporally expanding presumption of prejudice." [Doc. No. 19 at 9]. From there, the magistrate judge engaged in two paragraphs of analysis, ultimately finding that the delay was not prejudicial enough to justify relief. Brown, however, misinterprets the magistrate judge's statement that his situation fell into the third type of prejudice to mean that he was entitled to relief. Brown thus agrees that his situation falls under this type of prejudice, but he fails to object to any of the magistrate's analysis. Consequently, Brown has not raised an objection that this court may review.

As his second ground for habeas relief, Brown states that double jeopardy occurred in violation of the Fifth and Fourteenth Amendments. The magistrate judge found that Brown had procedurally defaulted on this ground and that there was no "cause" to excuse such default. Brown does not specifically object to the R&R, nor does he address the issue of procedural default. Accordingly he is denied further review on these grounds.

In objecting to the magistrate judge's denial of his third and fourth grounds for relief, Brown does not specifically, or even generally, identify the portions of the R&R to which he objects, waiving further review on those grounds by this court.

Brown's fifth ground for habeas relief is based upon ineffective assistance of appellate counsel. Although the magistrate found that Brown had procedurally defaulted on this ground, the magistrate judge also found that the default was excused for cause. However, because the underlying theories for ineffective assistance of appellate counsel were constitutional claims that had not been raised in state court, the underlying theories were procedurally defaulted, resulting in a double procedural default. Brown does not object to the magistrate judge's finding of double procedural default. Instead, he rehashes his prior arguments. Even under the liberal construction the court gives to *pro se* pleadings, Brown fails to make any specific objections to the findings of fact or conclusions of law in the R&R, denying him further review in this court.

**VI. Conclusion**

Although Brown has expressed dissatisfaction with the R&R, he has failed to raise objections clear enough to enable this court to discern any dispositive and contentious issues. As a result, he has failed to make proper objections, waiving further review in this court of the R&R. Accordingly, this court adopts the well-reasoned and thorough R&R in its entirety, and for the reasons stated therein, denies Brown's petition for habeas corpus relief.

Because the warden has not filed an objection and Brown has failed to file any proper objection, the parties have waived their rights to appellate review. *Miller*, 50 F.3d at 380. Therefore, this order is final, but not appealable.

IT IS SO ORDERED.

                                                 */s/ Ann Aldrich*
                                                 ANN ALDRICH
                                                 UNITED STATES DISTRICT JUDGE

**Dated: November 9, 2007**